UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

FATIMA SHEPPARD,

                                                   Plaintiff,

             -against-

THE CITY OF NEW YORK, SERGEANT THOMAS
KENNEDY, shield # 2016, POLICE OFFICER VALERY
PAULBLANC, shield # 21779,

                                                  Defendants.

-------------------------------------------------------------- x

**COMPLAINT**

CV 10 4259

Jury Trial Demanded

GLASSER, J.

GOLD, M.J.

**PRELIMINARY STATEMENT**

      1.      Plaintiff brings this civil rights action against the City of New York and two New York City Police Officers employed in the 70th Precinct in Brooklyn alleging that defendants violated her rights under 42 U.S.C. § 1983, the First, Fourth, and Sixth Amendments to the United States Constitution, and New York State law.  Specifically, plaintiff alleges that, on August 13, 2010, in front of her home in Brooklyn, defendants retaliated against her for engaging in free speech, falsely arrested her, used unreasonable force on her, and made false allegations about her to prosecutors.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York State law claims of false arrest, assault, and battery.

4. With respect to plaintiff's state law claim, a notice of claim was duly filed with the City of New York within 30 days of the incident, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a United States citizen who resides in Brooklyn. Plaintiff is 19 years-old. The arrest at issue in this case is plaintiff's first and only arrest.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Sergeant Thomas Kennedy and Police Officer Valery Paulblanc are New York City Police Officers who were employed in the 70th Precinct on the day in question. Defendants were acting under color of state law and in their capacities as New York City Police Officers. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On August 13, 2010, at approximately 11:30 a.m., plaintiff and her boyfriend Christopher Mason exited plaintiff's home located at 726 Ocean Avenue in Brooklyn.

2

10. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

11. Suddenly, defendants appeared and Sergeant Kennedy pushed Mason against a fence and grabbed him.

12. Plaintiff asked Kennedy the reason for his actions, to which Kennedy replied: "Mind your business bitch!"

13. Defendant Paulblanc then took hold of Mason.

14. At this time, Kennedy grabbed plaintiff, bent her face first over a fence, cuffed her excessively tight, jerked her back up, and searched her.

15. Plaintiff complained about Kennedy's illegal use of force and search to which Kennedy responded by repeatedly calling plaintiff a bitch.

16. Defendant Paulblanc observed Kennedy violate plaintiff's rights but failed to help her.

17. On or about this time, Kennedy challenged Mason to a fight.

18. Plaintiff complained about Kennedy's challenge to Mason, and Kennedy responded: "Mind your own business, bitch!"

19. Uniformed officers responded to the scene and took plaintiff and Mason to the 70th Precinct.

20. While plaintiff was confined in the precinct, without food or water for an extended period of time, plaintiff's designated "arresting officer," defendant Paulblanc, with the acquiescence of defendant Kennedy, misrepresented in police reports that plaintiff was disorderly, had obstructed governmental administration, and had resisted arrest.

3

21. At approximately 7:00 p.m., two officers took plaintiff to Brooklyn Central Booking.

22. Plaintiff was held in cells in Central Booking which were severely overcrowded, extremely cold, filthy and unsanitary, and infested with roaches and rats. The toilets were covered in feces and urine and other types of human discharge and there were no beds for plaintiff and the other detainees to sleep on.

23. While plaintiff was in Brooklyn Central Booking, defendant Paulblanc, with the acquiescence of defendant Kennedy, misrepresented to the Kings County District Attorney's Office that plaintiff was disorderly, had obstructed governmental administration, and had resisted arrest.

24. Plaintiff was arraigned in Criminal Court on August 14, 2010, at approximately 6:45 p.m., and the charges were adjourned in contemplation of dismissal,

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for over 24 hours, deprived of her liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to her reputation. Plaintiff also suffered pain and bruising from defendants' use of excessive force.

## FIRST CLAIM

### (VIOLATION OF RIGHT TO FREE SPEECH UNDER FEDERAL LAW)

26. Plaintiff repeats the foregoing allegations.

27. Plaintiff exercised free speech during the incident by, among other things, questioning defendant Kennedy's illegal actions.

28. Plaintiff's use of free speech was a motivating factor in defendants' decision to arrest, use force upon, mistreat, and prosecute plaintiff.

29. Accordingly, defendants are liable to plaintiff under the First Amendment for violating plaintiff's right to free speech.

## SECOND CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

30. Plaintiff repeats the foregoing allegations.

31. Plaintiff did not commit a crime or violation on August 13, 2010 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

32. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## THIRD CLAIM

### (FALSE ARREST UNDER NEW YORK STATEE LAW)

33. Plaintiff repeats the foregoing allegations.

34. Plaintiff did not commit a crime or violation on August 13, 2010 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

35. Accordingly, defendants are liable to plaintiff under New York State law for false arrest.

## FOURTH CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

36. Plaintiff repeats the foregoing allegations.

37. Kennedy's use of force upon plaintiff and Paulblanc's failure to intervene was objectively unreasonable and caused plaintiff pain and injury.

38 Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## FIFTH CLAIM

### (ASSAULT UNDER STATE LAW)

39. Plaintiff repeats the foregoing allegations.

40. Defendants' acts of beating, searching, and handcuffing plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

41. Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SIXTH CLAIM

### (BATTERY UNDER STATE LAW)

42. Plaintiff repeats the foregoing allegations.

43. Defendants' acts of beating, searching, and handcuffing plaintiff were offensive and nonconsensual physical contacts.

44. Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SEVENTH CLAIM

### (FABRICATION OF EVIDENCE UNDER FEDERAL LAW)

45. Plaintiff repeats the foregoing allegations.

46. Defendants misrepresented to the Kings District Attorney's Office that plaintiff was disorderly, had obstructed governmental administration, and had resisted arrest.

47. Defendants' misrepresentations deprived plaintiff of liberty in that she was held in custody after defendants' misrepresentations until she could be arraigned.

48. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

6

## EIGHTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

49.  Plaintiff repeats the foregoing allegations.

50.  Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted, and battered plaintiff.

51.  The City of New York is therefore vicariously liable to plaintiff under New York State law for the aforesaid torts.

## NINTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

52.  Plaintiff repeat the foregoing allegations.

53.  The City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

54.  Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

55.  In fact, defendant Paulblanc was sued for civil rights violations in *Richards v. City of New York, et al.*, 08 CV 1858 (EDNY), and the case settled in September 2009.

56.  Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

57. In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities like plaintiff, on the pretext that they were disorderly, obstructed governmental administration, trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech;

(f) unlawfully entering and searching homes and being unnecessarily destructive.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: September 20, 2010
Brooklyn, New York

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391